Prob 12A(10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Alexander J. Thurin _____ Docket No. C55828

1:15-mj-253

**Petition on Probation**

    COMES NOW CAROLYN J. NULF, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Alexander J. Thurin, who was placed on supervision by the Honorable Thomas Rawles Jones, Jr., U.S. Magistrate Judge, sitting in the Court at Alexandria, Virginia, on the 22nd day of January, 2015, who fixed the period of supervision at (2) two years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a bench warrant be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

### ORDER OF COURT

Considered and ordered this 30th day of April, 2015 and ordered filed and made a part of the records in the above case.  /s/
Michael S. Nachmanoff
United States Magistrate Judge
Michael Nachmanoff
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-29-15

Carolyn J. Nulf
U.S. Probation Officer
(703) 366-2119

Place Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
Page 2
RE: THURIN, Alexander J.

OFFENSE: Driving While Intoxicated, in violation of 32 CFR 1903.4(b)(1)(ii).

SENTENCE: The defendant was sentenced to two (2) years supervised probation with the following special conditions: 1) the defendant shall reside at a place that is approved by the probation officer; 2) the defendant shall not consume any alcohol; 3) the defendant shall submit to remote alcohol testing; 4) the defendant shall undergo substance abuse testing and/or treatment as directed; 5) the defendant shall undergo mental health counseling and/or treatment as directed; 6) the defendant shall not operate a motor vehicle anywhere in the United States; 7) the defendant shall serve seven (7) days in jail; and 8) the defendant shall pay a $10.00 special assessment and a $25.00 processing fee during the period of probation, which have not been satisfied to date.

The defendant was remanded to the custody of the United States Marshal Service to serve seven (7) days jail in the Bureau of Prisons as a condition of probation.

ADJUSTMENT TO SUPERVISION: On January 22, 2015, the defendant was interviewed following sentencing, at which time his conditions were reviewed. Due to his residence, his case was transferred to the District of Maryland. At that time, the defendant's plans were to reside with his mother in Bethesda, Maryland.

On April 28, 2015, our office received correspondence from Senior U.S. Probation Officer Renee Parenti of the District of Maryland, indicating that the defendant's whereabouts is unknown.

VIOLATIONS: The following violations are submitted for the Court's consideration.

| | |
|---|---|
| **STANDARD CONDITION #2:** | **"THE DEFENDANT SHALL NOT LEAVE THE JUDICIAL DISTRICT WITHOUT THE PERMISSION OF THE COURT OR PROBATION OFFICER."** |
| **STANDARD CONDITION #7:** | **"THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN SEVENTY-TWO HOURS OF ANY CHANGE IN RESIDENCE OR EMPLOYMENT."** |

On April 26, 2015, USPO Parenti received a NCIC hit from U.S. Customs and Border Patrol. A follow up email in regards to this hit, determined that the defendant's information was run as a result of a request from Advanced Passenger Information System which is submitted to the U.S. Customs and Border Patrol by transportation companies. The U.S. Customs and Border Patrol was unable to determine with certainty if they had in-person contact with the defendant until he presents for inspection at an International Port of Entry.

All efforts to reach the defendant via telephone were negative. Contact was made with the defendant's mother, Magdalen Thurin, who was also unable to ascertain his current whereabouts. Mrs. Thurin reported that the defendant had expressed a desire to return to Europe but she did not know how he would get there as he has no money or resources. The defendant's father reportedly resides in Sweden and the defendant possesses both a U.S. and Swedish passport.

CJN/lmg